UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES M. GILMORE, ET AL.

VERSUS

OFFICE OF ALCOHOL AND TOBACCO
CONTROL OF THE LOUISIANA
DEPARTMENT OF REVENUE, ET AL.

CIVIL ACTION

NO. 14-434-JWD-SCR

RULING AND ORDER

This matter comes before the Court on Defendant's Motion to Sever and to Transfer Venue. (Doc. 14). Plaintiffs oppose the motions. (Doc. 25). Oral argument is not necessary. Having considered the law, facts and allegations in the record, the Defendants' motions are denied.

I.    Motion to Sever

This Court has applied a five-factor test from the Eastern District to determine whether severance is appropriate. *See Melancon v. Town of Sorrento*, No. 13-746, 2015 WL 410866, at *5 (M.D. La. Jan. 29, 2015); *see also Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2015 U.S. Dist. LEXIS 82530, *3-4 (M.D. La. June 25, 2015). These factors include:

> (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and, (5) whether different witnesses and documentary proof are required for separate claims.

*Melancon*, 2015 WL 410866, at *5 (citing *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Acad. of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013)). Courts in this circuit have balanced these factors on a case-by-case basis to determine if severance is appropriate. *See Melancon*, 2015 WL 410866 at *5 n. 3 ("The fourth factor is neutral in this case,

leaving four out of the five factors weighing in favor of severance."); *Broyles*, 2015 U.S. Dist. LEXIS 82530, *3-4 (finding most convincing the defendants' arguments that the fifth factor weighed against severance of two consolidated matters).

The Court has considered these factors and finds that severance is not appropriate at this time. As to the first factor, after thoroughly reviewing each Plaintiff's allegations, the Court finds that this factor weighs in favor of severance. Many of the Plaintiffs claims occurred several months apart, were unique to each of them, and appear to have little connection to each other.[1] However, each Plaintiff was employed by the Office of Alcohol and Tobacco Control ("ATC") within the Enforcement Division, and each brings allegations of improper conduct against Commissioner Troy Hebert. After carefully considering these competing factors, the Court finds the individualized nature of the Plaintiffs' claims outweigh their common employment and complaints against Commissioner Hebert. Thus, the first factor weighs in favor of severance.

As to the second factor, there is clearly a common question of law because each Plaintiff alleged racial discrimination, harassment, and retaliation under 42 U.S.C. §§ 1981 and 1983, 42 U.S.C. §§ 1988, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

The third factor weighs against severance. Whether settlement would be promoted is a neutral here; there are advantages and disadvantages to both parties if these claims proceed as one action or separate actions. However, at this stage of the proceedings, judicial economy would be promoted by keeping these actions; three separate actions would tax the limited resources of the Court. Thus, this factor weighs against severance.

As to the fourth factor, the Court finds this factor neutral as well. While the Defendants have produced a list of witnesses to show which witnesses each Plaintiff will call to testify, with

---

[1] There is some overlap between a few of the Plaintiffs' claims, such as Gilmore and McDowell requesting additional agents from Commissioner Hebert for an undercover investigation. (Doc. 1, pp. 5, 8 ¶¶ 12(G), 14(G)).

a number of them having no overlap, this in and of itself is not enough to prejudice Defendants. Defendants argue that the jury would be prejudiced against ATC by the amount of evidence that Plaintiffs would have testifying. However, instructions from the Court can remedy this. Further, Plaintiffs argue that they would be prejudiced by the expense and delay of trying three separate actions. Plaintiffs also argue that severance will prejudice them from presenting the "entire picture, theory and extent of Hebert's race-based discrimination, hostile work environment[2] and retaliation to the jury." (Doc. 25, p. 7). Balancing these two interests together, the Court finds that both balance each other out, making this factor neutral.

As to the fifth factor, there are a number of different witnesses that Defendants' assert have no overlap, but there are also those that do. Again, instructions can remedy any issues here. As to different documentary proof, Defendant argues that "there are hundreds of pages of documents" that are relevant only to each Plaintiff's specific claims." (Doc. 44, p. 4). However, at this stage, the Court cannot verify this claim by Defendant. Accordingly, the Court finds the fifth factor neutral.

While many of the above factors have been an extremely close call at this stage of the proceedings, with one factor in favor, two factors against, and two factors neutral, the Court declines to sever these cases.

## II. Motion to Transfer

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." A party seeking to transfer venue must show "good cause," that is, "satisfy the statutory requirements and clearly demonstrate that a transfer is 'for

---

[2] Plaintiffs' complaint does not appear to definitively assert a hostile work environment claim. However, Defendants' do not address this issue, so the Court declines to do so.

the convenience of parties and witnesses, in the interest of justice.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  District courts have "broad discretion in deciding whether to order a transfer."  *Id.* at 311.  The Fifth Circuit applies four private interest factors and four public interest factors in assessing convenience, and none of these factors is "said to be of dispositive weight."  *See id.* at 315 (citations omitted).

The Court has considered all of these factors and finds that the Defendants have failed to satisfy their burden.  Concerning the private factors, the Court agrees with the Plaintiffs that both venues present substantially similar concerns with respect to convenience of the witnesses and relative ease of access to sources of proof.  If the action were transferred to Shreveport, there would be difficulties in the compulsory and voluntary attendance of witnesses from Baton Rouge.  Further, Defendants concede that two of the four private factor considerations and all of the public factors are either neutral or inapplicable in this matter.  Considering these concessions and the above findings, the Court concludes that the Defendants have not met their burden.  Accordingly, this action will remain in this district.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever and to Transfer Venue. (Doc. 14) is **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>September 25, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**