UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES M. GILMORE, ET AL.**     **CIVIL ACTION**

**NO. 14-00434-JWD-EWD**

**VERSUS**

**OFFICE OF ALCOHOL AND
TOBACCO CONTROL OF THE
LOUISIANA DEPARTMENT OF
REVENUE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 5, 2016.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES M. GILMORE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-00434-JWD-EWD** |
| **OFFICE OF ALCOHOL AND TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT

Before the Court is plaintiffs' Corrected Motion for Leave of Court to File the First Amended Complaint.[1] Plaintiffs seek leave to amend their Complaint regarding certain factual allegations, as specifically authorized by this Court's Ruling and Order on defendants' Motion for Partial Dismissal and for Other Relief.[2] Plaintiffs also request leave of court to clarify additional factual issues raised in the Court's ruling. The Motion is opposed.[3] For the reasons discussed below, it is the recommendation of the magistrate judge that plaintiffs' Motion for Leave be **DENIED.**[4]

---

[1] R. Doc. 54. On October 14, 2015, the Court issued a Notice to Counsel that plaintiffs' Motion for Leave exceeds the scope of the district judge's Ruling and Order and does not comply with Local Rule 7(e) because there is no certificate stating the position of the opposing parties. (R. Doc. 55, text entry). Plaintiffs subsequently filed a Motion to Substitute the Main Document of Record Document 54 (R. Doc. 56), which was granted by this Court on October 15, 2015. (R. Doc. 57). However, the substitute motion also does not contain the required certificate. (R. Doc. 56-1).
[2] R. Doc. 50.
[3] R. Doc. 73. Plaintiffs also filed a reply memorandum. (R. Doc. 76).
[4] Although the denial of a motion to amend is generally a non-dispositive decision, the law is not settled regarding whether a motion to amend involving a futile amendment is a case dispositive motion under 28 U.S.C. § 636. Compare *Hall v. Norfolk Southern Ry. Co*., 469 F.3d 590, 595 (7th Cir. 2006) (holding that because the magistrate judge's denial of the plaintiff's motion to amend his complaint merely prevented him from adding a defendant, the motion to amend was a non-dispositive matter) with *HCC, Inc. v. R H & M Mach. Co*., 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) (holding that the denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility of the proposed amendment). Accordingly, the undersigned is issuing a recommendation on the motion rather than an order.

2

**Background**

On July 11, 2014, Charles M. Gilmore, Daimian T. McDowell, and Larry J. Hingle (collectively "plaintiffs"), filed a Complaint alleging they were subjected to racial discrimination, race-based harassment, and retaliation by their employer, the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue ("ATC"), and the ATC Commissioner, Troy Hebert, for filing charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").[5] Plaintiffs assert Hebert systemically eliminated all African American employees from supervisory positions with the ATC Enforcement Division, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiffs also allege violations of 42 U.S.C. §§ 1981, 1983, and 1988. Defendants deny any violation of Title VII and/or 42 U.S.C. §§ 1981, 1983, and 1988, and deny that plaintiffs were harassed, discriminated against, or retaliated against because of their race.[6]

On September 19, 2014, defendants filed a Partial Motion to Dismiss and For Other Relief, seeking dismissal of certain claims under Title VII, § 1981, and § 1983.[7] The Motion was granted in part and denied in part by this Court on September 28, 2015.[8] In its Ruling and Order, the Court expressly granted plaintiffs leave to amend their Complaint to assert facts to establish: (1) plaintiff Gilmore's failure to promote claim;[9] (2) that plaintiff Hingle's change in job responsibilities was significant and material enough to rise to the level of an adverse employment action;[10] and (3) that the alleged reprimands or disciplinary actions resulted in consequences constituting materially adverse employment actions sufficient to state retaliation claims.[11]

---

[5] R. Doc. 1.
[6] R. Doc. 15.
[7] R. Doc. 13.
[8] R. Doc. 50.
[9] *Id*. at 3, ¶ (H)(iii).
[10] *Id*. at 9, ¶ (I)(vii).
[11] *Id*. at 11-12, ¶ (J)(ii).

3

Plaintiffs filed the instant Corrected Motion for Leave of Court to File the First Amended Complaint on October 13, 2015, within the 15-day deadline provided by this Court in its Ruling and Order.[12] The proposed First Amended Complaint contains the following amended paragraph asserting plaintiff Gilmore's failure to promote claim (amended language in bold):

### 12(A)

June 8, 2011. Troy Hebert placed Plaintiff Gilmore into a vacant Director position for six (6) months. Despite his years of service with the agency and qualifications for the Director position, Plaintiff Gilmore was removed from his Director detail on November 27, 2011 and replaced by Steve Champagne, a Caucasian male with no experience with ATC. Plaintiff Gilmore was returned to his former lower ranking position as a Special Agent in Charge (in Region One in Baton Rouge). **As a consequence, Plaintiff Gilmore was passed over for a promotion to the Director position.**[13]

With respect to plaintiff Hingle's claim, the proposed First Amended Complaint contains the following paragraphs (amended language in bold):

### 16(D)(1)

Troy Hebert gave Plaintiff Hingle assignments in addition to his usual assignments and duties and attempted to set him up for failure. These new assignments were never a part of his regular job duties. Troy Hebert continued to assign Plaintiff Hingle an unrealistic workload and would thereafter formally reprimand him when his regular assignments were not timely or completed to **Hebert's professed** satisfaction. **This employment action affected Plaintiff Hingle's job duties as it impaired his performance of the essential functions of his job, and enhanced his fear that his employment status was in jeopardy**.[14]

### 16(D)(2)

**The Plaintiff offers the following allegation in support of his claim for racial harassment/hostile work environment.** Troy Hebert often bypassed Plaintiff Hingle and assigned tasks to his subordinates without informing Plaintiff Hingle. If the

---

[12] R. Doc. 54.
[13] R. Doc. 54-1 at 1.
[14] *Id*. at 3

subordinates' work was not satisfactory, Troy Hebert blamed Plaintiff Hingle and later used these incidents to support poor performance ratings or formal reprimands **against Hingle**.[15]

Finally, the proposed First Amended Complaint contains the following amended paragraphs in support of plaintiffs' retaliation claims (amended language in bold):

12(M)

November 19, 2012. Troy Hebert issued an "improvement letter" to Plaintiff Gilmore falsely alleging that: (1) he failed to properly secure evidence; (2) that he directed his agents to conduct 52 inspections per month, only 2 inspections more than the required minimum of 50; (3) that he failed to ride along with new agents and chose instead to ride along with Plaintiff McDowell; and (4) that he took his state-issued weapon out of state, left it unattended and allowed it to be stolen. **Plaintiff Gilmore respectfully submits that Troy Hebert's purpose for this employment action was to dissuade Plaintiff Gilmore from making or supporting a charge of discrimination. Alternatively, if this allegation is found to not satisfy the requirements of an adverse employment action, then Plaintiff Gilmore respectfully submits that this allegation constitutes background evidence and/or evidence in support of his claims for racial discrimination**.

14(O)

November 1, 2012. In an interview of Plaintiff McDowell, conducted as part of an internal investigation, Troy Hebert devoted a large portion of that interview to Plaintiff Gilmore's activities and his association with Plaintiff McDowell. **Plaintiff McDowell respectfully submits that Troy Hebert's purpose for this employment action was to dissuade Plaintiff McDowell from making or supporting a charge of discrimination. Alternatively, if this allegation is found to not satisfy the requirements of an adverse employment action, then Plaintiff McDowell respectfully submits that this allegation constitutes background evidence and/or evidence in support of his claims for racial discrimination.**

14(R)

November 19, 2012. Plaintiff Gilmore received a "letter of improvement" from Troy Hebert alleging in part that Plaintiff

---

[15] *Id*. at 4.

5

Gilmore failed to ride along with new agents and chose instead to ride along with Plaintiff McDowell. **Plaintiff McDowell respectfully submits that the purpose and/or effect of this employment action was to dissuade Plaintiff McDowell from making or supporting a charge of discrimination. Alternatively, if this allegation is found to not satisfy the requirements of an adverse employment action, then Plaintiff McDowell respectfully submits that this allegation constitutes background evidence and/or evidence in support of his claims for racial discrimination.**[16]

. . . .

16(J)

December 4, 2012. Troy Hebert sent Plaintiff Hingle a "letter of improvement." **Plaintiff Hingle respectfully submits that the purpose and/or effect of this employment action was to dissuade Plaintiff Hingle and other ATC employees from making or supporting a charge of discrimination. Alternatively, if this allegation is found to not satisfy the requirements of an adverse employment action, then Plaintiff Hingle respectfully submits that this allegation constitutes background evidence and/or evidence in support of his claims for racial discrimination.**

16(K)

December 27, 2012. Troy Hebert sent Plaintiff Hingle another letter **proposing** dismissal. This proposed dismissal was later rescinded. **Despite this proposed dismissal being rescinded**, **Plaintiff Hingle respectfully submits that the purpose and/or effect of this employment action was to dissuade Plaintiff Hingle and other ATC employees from making or supporting a charge of discrimination. Alternatively, if this allegation is found to not satisfy the requirements of an adverse employment action, then Plaintiff Hingle respectfully submits that this allegation constitutes background evidence and/or evidence in support of his claims for racial discrimination.**

16(M)

On January 22, 2013, Plaintiff Hingle received a second notice of proposed dismissal from Troy Hebert. **Despite this proposed dismissal being rescinded**, **Plaintiff Hingle respectfully submits that the purpose and/or effect of this employment action was to dissuade Plaintiff Hingle and other ATC employees from**

---

[16] *Id*. at 2-3.

6

> making or supporting a charge of discrimination. Alternatively, if this allegation is found to not satisfy the requirements of an adverse employment action, then Plaintiff Hingle respectfully submits that this allegation constitutes background evidence and/or evidence in support of his claims for racial discrimination.[17]

Plaintiffs also request leave of court to "clarify additional factual issues raised in the Court's ruling."[18] This "clarification" takes the form of the following two amended paragraphs (amended language in bold):

14(S)

December 23, 2012. Plaintiff McDowell reluctantly resigned from his employment with the Office of ATC because of health reasons related to the emotional harm deliberately inflicted by Troy Hebert on him, **which caused his working conditions to become so intolerable that a reasonable employee, such as Plaintiff McDowell, would feel compelled to resign. Therefore, Plaintiff McDowell was constructively discharged from his position with the ATC**.

. . . .

16.2

**The purpose of the allegations set forth in paragraphs 12(B), 12(D), 12(E), 12(G), 12(I), 12(J), 12(K), 12(O), 14(A), 14(B) (those claims other than demotion), 14(E), 14(F), 14(G), 14(H), 14(I) 14(J), 14(K), 14(L), 16(A), 16(B), 16(C), 16(E), 16(F), 16(G), 16(H), 16(N), 16(O), is not to allege an independent adverse employment action, in and of itself, but rather, to set forth evidence as to the means and methods utilized by the Defendant, Troy Hebert, to execute his discriminatory plan to get rid of African-American supervisors and agents of the Enforcement Division, such as the Plaintiffs, Gilmore, McDowell, and Hingle.**[19]

---

[17] *Id.* at 2-5.
[18] R. Doc. 54 at 2.
[19] R. Doc. 54-1 at 3, 5.

7

Defendants oppose the Motion for Leave, asserting that some of the proposed amendments exceed this Court's Ruling and Order, while others are ultimately futile because plaintiffs still fail to allege sufficient facts to support their claims.[20]  Defendants argue that the new claim for constructive discharge and the additional paragraph alleging "systemic discrimination" are impermissible because the Court previously dismissed these claims without granting plaintiffs leave to amend them.[21]  Defendants also assert that plaintiff McDowell's constructive discharge claim is futile because he failed to exhaust any such claim before the EEOC.  Defendants argue that the proposed amendments regarding the retaliation claims are futile because they fail to assert any facts to show that materially adverse consequences resulted from the alleged disciplinary actions.  The proposed amendments merely add the same conclusory statements to each retaliation claim, which defendants contend is insufficient.[22]  Finally, defendants assert that plaintiffs failed to allege any facts demonstrating that a change in Hingle's job responsibilities amounted to an adverse employment action.[23]  Thus, plaintiffs' proposed amendment on this issue is also futile.

In response, plaintiffs assert that their proposed amendments are sufficient to state a claim for retaliation, discrimination, and failure to promote.[24]  While conceding that two of the proposed amendments "exceed the scope of the Court's prior granting of leave," plaintiffs maintain that the constructive discharge claim "represents a timely claim for race discrimination under 42 U.S.C. § 1981" and that the additional paragraph points out the Rule 404(b) "other acts evidence" in support of their timely filed claims."[25]

## **Applicable Law**

---

[20] R. Doc. 73.
[21] *Id*. at 3-5.
[22] *Id*. at 6-7.
[23] *Id*. at 7-8.
[24] R. Doc. 76-1 at 4-5.
[25] *Id*. at 2-3.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." A district court has limited discretion to deny a litigant leave to amend because Rule 15 evinces a bias in favor of granting leave to amend.[26] Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend."[27] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ."[28]

Of these factors, defendants argue that leave should be denied because the amendments would be futile. The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)."[29] A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."[30] In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief.[31] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[32] In determining whether it is plausible that a

---

[26] *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quotation and citation omitted).
[27] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).
[28] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).
[29] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).
[30] Fed. R. Civ. P. 8(a)(2).
[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (citation omitted).

pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim.[33] Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion.[34]

## Analysis

### The Proposed Amendments Previously Authorized By This Court Would Be Futile

After reviewing the arguments of the parties and the proposed First Amended Complaint, the Court recommends denial of plaintiffs' Corrected Motion for Leave of Court to File the First Amended Complaint. This Court previously granted plaintiffs leave to amend their Complaint for the sole purpose of asserting facts in support of their claims for retaliation, discrimination, and failure to promote. However, the proposed amendments add no new substantive factual allegations and merely assert legal conclusions regarding each claim.

In the original Complaint, plaintiffs alleged that plaintiff Gilmore was (1) placed in a vacant Director position at ATC in June 2011; (2) removed from that position in November 2011; (3) replaced by a Caucasian male with no experience with the ATC; and (4) returned to his former lower ranking position as a Special Agent in Charge.[35] After reviewing these allegations, this Court ordered that with respect to the plaintiffs' § 1981 claims, "Plaintiffs are given leave to amend to assert a failure to promote claim, should they so choose."[36] To assert a failure to promote claim under § 1981, a plaintiff must establish the following four elements: 1) that he is within a protected class; 2) that he was qualified for the position sought; 3) that he was not promoted; and 4) that the

---

[33] *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966.
[34] *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.
[35] R. Doc. 1 at 4.
[36] R. Doc. 50 at 2-3.

position was filled by someone outside the protected class.[37] Plaintiffs, however, failed to allege any additional facts in the proposed First Amended Complaint to support plaintiff Gilmore's failure to promote claim. Instead, plaintiffs reasserted the same factual allegations from the original Complaint and added the following conclusory statement: "As a consequence, Plaintiff Gilmore was passed over for a promotion to the Director position."[38] Because this conclusory sentence does not assert a failure to promote claim under § 1981, the proposed amendment would be futile.

For the same reason, the proposed amendments regarding plaintiffs' retaliation claims would also be futile. This Court granted defendants' Motion for Partial Dismissal with respect to plaintiffs' Title VII retaliation claims, concluding that, "these claims from Plaintiffs, in light most favorable to them, do not satisfy the requirement of an adverse employment action because no apparent consequences arose from these claims. However, Plaintiffs will be given leave to amend their complaint to state a cause of action for these allegations."[39] Despite this Court's clear directive, plaintiffs failed to allege any facts in the proposed First Amended Complaint to show that actual consequences resulted from the alleged disciplinary actions complained of. Instead, plaintiffs amended the Complaint to add essentially the same two sentences in support of each retaliation claim:

> Plaintiff . . . respectfully submits that the purpose and/or effect of this employment action was to dissuade Plaintiff . . . and other ATC employees from making or supporting a charge of discrimination. Alternatively, if this allegation is found to not satisfy the requirements of an adverse employment action, then Plaintiff . . . respectfully submits that this allegation constitutes background evidence and/or evidence in support of his claims for racial discrimination.[40]

---

[37] *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 468 (5th Cir. 2001) (citations omitted).
[38] R. Doc. 54-1 at 1.
[39] R. Doc. 50 at 11-12.
[40] R. Doc. 54-1 at 2-5.

These proposed amendments would be futile because the statements are conclusory and do not apprise the Court of any actual consequences that resulted from the alleged disciplinary actions.

With respect to the proposed amendments concerning plaintiff Hingle's change in job responsibilities, this Court previously held:

> Hingle has not sufficiently alleged that his change in job duties arise to the level of an adverse employment action. Even though he alleges an 'unrealistic work load,' this, in and of itself, is not enough. *See Benningfield v.City of Houston*, 157 F.3d 369, 376-77 (5th Cir. 1998) (holding that being assigned an unusually heavy work load is merely administrative matter and not an adverse employment action). However, Hingle has alleged that these assignments were never a part of his job duties. **It is not clear, from the face of the complaint, whether this change in job responsibilities is significant and material enough to rise to the level of an adverse employment action.** *See generally, Thompson, supra*. **Thus, Plaintiffs will be given leave to amend their complaint with respect to this issue;** . . . .[41]

According to *Thompson*, the Fifth Circuit "has recognized that the mere 'loss of some job responsibilities' does not constitute an adverse employment action," but that "In certain instances, a change in or loss of job responsibilities . . . may be so significant and material that it rises to the level of an adverse employment action." [42] The Fifth Circuit has also held, along with many of its sister circuits, "that employment actions are not adverse where pay, benefits, and level of responsibility remain the same."[43]

In the proposed First Amended Complaint, plaintiffs fail to allege any facts to show the change in Hingle's job responsibilities was "significant and material" or that he suffered a decrease in pay, benefits, or level of responsibility. Instead, the proposed First Amended Complaint asserts

---

[41] R. Doc. 50 at 9 (emphasis added).
[42] *Thompson v. City of Waco, Texas*, 764 F.3d 500, 504 (5th Cir. 2014) (citations omitted).
[43] *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999) (citation omitted) (holding that a change in work schedule and request that an employee perform two additional tasks did not rise to the level of an adverse employment action).

only that, "This employment action affected Plaintiff Hingle's job duties as it impaired his performance of the essential functions of his job, and enhanced his fear that his employment status was in jeopardy."[44] This conclusory statement offers no insight into *how* plaintiff Hingle's job responsibilities changed or whether that change was significant and material, which is required for Title VII discrimination claims. As such, the proposed amendment would be futile.

As previously discussed, the futility of amendments is measured by whether the amended complaint fails to state a claim under the same standard applicable to a Rule 12(b)(6) motion to dismiss.[45] Since the proposed First Amended Complaint fails to assert any facts in support of plaintiffs' claims for retaliation, discrimination, or failure to promote, the proposed amendments would be futile.

### The Proposed Amendments Not Previously Authorized By This Court Exceed The Scope of This Court's Prior Ruling and Attempt to Reassert Dismissed Claims

The Court also recommends denial of plaintiffs' request for leave to amend the Complaint to "clarify additional factual issues raised in the Court's ruling."[46] These proposed amendments were not authorized by this Court's prior ruling and they seek to reassert claims that have already been dismissed by this Court. For instance, plaintiffs' new claim of constructive discharge is premised upon plaintiff McDowell's "reluctant resignation" from ATC.[47] This Court previously dismissed plaintiffs' Title VII discrimination[48] and retaliation[49] claims premised on the same set of facts, concluding that, "Plaintiffs have essentially conceded that these claims are not cognizable individually."[50] The Court's prior ruling also provides that, "with respect to any supposed claims

---

[44] R. Doc. 54-1 at 3.
[45] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).
[46] R. Doc. 54 at 2, ¶ 5.
[47] R. Doc. 54-1 at 3, ¶ 14(S).
[48] R. Doc. 50 at 9, ¶ (I)(vii).
[49] *Id*. at 12, ¶ (J)(iii).
[50] *Id*.

13

of 'systemic discrimination,' . . . Plaintiffs concede they do not allege pattern and practice as a theory of recovery."[51] Despite this concession, plaintiffs now seek to amend their Complaint to include a paragraph whose purpose "is not to allege an independent adverse employment action, in and of itself, but rather, to set forth evidence as to the means and methods utilized by the Defendant, Troy Hebert, to execute his discriminatory plan to get rid of African-American supervisors and agents of the Enforcement Division . . . ."[52] Since these two proposed amendments exceed the scope of this Court's prior ruling and attempt to reassert claims that this Court has already dismissed, plaintiffs' request for leave to amend should be denied.

## Conclusion

Based on the foregoing, the proposed amendments that were previously authorized by this Court would be futile because the amendments fail to assert factual allegations in support of plaintiffs' claims for retaliation, discrimination, and failure to promote. Further, the proposed amendments that were not previously authorized by this Court exceed the scope of this Court's prior ruling and attempt to reassert dismissed claims.

## Recommendation

It is the recommendation of the magistrate judge that the Corrected Motion for Leave of Court to File the First Amended Complaint, filed by plaintiffs Charles M. Gilmore, Daimian T. McDowell, and Larry J. Hingle, be denied with prejudice. (*See* R. Doc. 54). After identifying several deficiencies in the original Complaint, this Court granted plaintiffs leave to amend the Complaint, which resulted in the proposed First Amended Complaint that is now before the Court. Despite the opportunity to amend, plaintiffs have again failed to allege particular facts to support their claims for discrimination, retaliation, and failure to promote, and have advanced conclusory

---

[51] *Id.* at 2, ¶ F.
[52] R. Doc. 54-1 at 5, ¶ 16.2.

statements or the same deficient arguments as before.  Plaintiffs have also attempted to reassert claims that were previously dismissed by this Court.  The Court therefore concludes that plaintiffs have already pled their best case and granting additional leave to amend would be futile and cause needless delay.[53]

    Signed in Baton Rouge, Louisiana, on April 5, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[53] See *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit").