UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES M. GILMORE *ET AL.*,

          CIVIL ACTION
          No. 14-434-JWD-EWD

VERSUS

OFFICE OF ALCOHOL AND
TOBACCO CONTROL OF THE
LOUISIANA DEPARTMENT OF
REVENUE *ET AL.*,

## RULING AND ORDER ON PENDING MOTIONS

Before the Court is the Defendants' Motion for Clarification ("Clarification Motion").[1] (Doc. 66.) The Motion seeks clarity as to this Court's Ruling and Order ("September Ruling"), (Doc. 50), which granted in part and denied in part Defendant's Motion for Partial Dismissal and for Other Relief, (Doc. 13), and is opposed by Plaintiffs, (Doc. 75). In brief, the September Ruling dismissed Plaintiffs' race discrimination claims under Title VII but did not specifically address their claims under Sections 1981 and 1983 of the United States Code's twenty-eighth title.[2] (Doc. 66-1 at 1–2.)

In the simplest terms, Defendants and Plaintiffs (collectively, "Parties") argue for two contrary constructions of the September Order. Defendants contend that since Title VII, § 1981, and § 1983 claims like those made by Plaintiffs are similarly analyzed, the September Ruling

---

[1] Yet other motions are discussed and ruled upon in this ruling and order ("Present Ruling"). The Clarification Motion, however, sets the stage, and its resolution effectively resolves every other pending motion.

[2] In the Present Ruling, any reference to "Section 1983" or "§ 1983" and "Section 1981" or "§ 1981" is to these provisions of the United States Code.

must be extended to 1981 and 1983. Conversely, Plaintiffs maintain that "the definition of 'adverse employment action' under Sections 1983 and 1981 *may* be broader than the narrow definition utilized for Title VII claim," and emphasize that the Fifth Circuit's definition of "employment action" under Title VII is itself "a minority view" with which other circuits have pointedly disagreed.³ (Doc. 75 at 3–4 (emphasis added) (quotation marks in original).) These are the Parties' arguments, fully distilled.

      Whatever may be the implications of dicta, well-settled precedent, as well as simple logic, compel the opposite conclusion, and claims like those made by Plaintiffs under Title VII, § 1981, and § 1983 are analyzed under the same framework. *See, e.g.*, *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) ("Under Title VII principles, which inform our treatment of section 1981 claims, an employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action."); *Zaffuto v. City of Hammond*, 308 F.3d 485, 492 (5th Cir. 2002) (analyzing the two concurrently); *Moore v. True Temper Sports, Inc.*, No. 1:10-CV-178-NBB-DAS, 2011 U.S. Dist. LEXIS 11103, at *4–5, 2011 WL 4498882, at *2 (S.D. Miss. Sept. 27, 2011); *see also, e.g.*, *Abel v. Dubberly*, 210 F.3d 1334, 1338 (11th Cir. 2000) (holding that Title VII and 1983 claims have the same elements where the claims are based on the same set of facts); *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985) (stating that "[w]here, as here, a plaintiff predicates liability under Title VII on disparate treatment and also claims liability under sections 1981 and 1983, the legal elements of the claims are identical . . . [and] we need not discuss plaintiff's Title VII claims separately from his section 1981 and section 1983 claims."); *Turnes v. AmSouth Bank*, 36 F.3d 1057, 1060 (11th Cir. 1994) (The

---

³ Whether this construction is consistent with these similar yet discrete statutes' purposes or not and whether it constitutes a minority position or not is irrelevant; the Fifth Circuit's construction is the one that must govern in this Court.

*McDonnell Douglas* analysis that is used to prove race discrimination under Title VII also is the appropriate model to evaluate Section 1981 claims.). In light of this law, the Clarification Motion seeks no more than the extension of the September Ruling's dismissal of Plaintiffs' Title VII claims, a result necessitated by this Circuit's construction of these laws. It must, therefore, be granted.

Unfortunately, this conclusion has one direct consequence to the three motions for summary judgment filed by Defendants. (Docs. 90–92.) As the body of these motions indicate, the September Ruling, if understood to extend to Plaintiffs' § 1981 and § 1983 claims, resolves a number of subsidiary issues crucial for the resolution of the questions over which Defendants have moved for judgment pursuant to Federal Rule of Civil Procedure 56.[4] (*See, e.g.*, Doc. 90-2 at 4; Doc. 91-1 at 4; Doc. 92-1 at 4.) As the issues are so intermixed and intermingled, and in light of the Present Ruling, it is impossible for this Court to precisely delineate what has been decided and is no longer relevant as a matter of law and what remains undecided and requires resolution under Rule 56. Indeed, the Report and Recommendation of the United States Magistrate Judge, (Doc. 110), subsequently adopted by this Court on July 7, 2016, (Doc. 122), held that Plaintiffs failed "to allege particular facts to support their claims for discrimination, retaliation, and failure to promote, and have advanced conclusory statements or the same deficient arguments as before," conclusions which seemingly undermine or support the Parties' positions as to Defendants' dispositive motions. (Doc. 122 at 14–15.) With the record so confused, both justice and efficiency, Rule 1's two lodestars, compel a reset, so as to allow both Plaintiffs and Defendants to succinctly and cogently address the specific issues still remaining

---

[4] In the Present Ruling, any and all references to "Rule" or "Rules" are wot the Federal Rules of Civil Procedure unless otherwise noted.

and the Court to properly address every legitimately remaining dispute. Accordingly, this Court orders as follows:

1. Defendants' Motion for Clarification, (Doc. 66), is GRANTED.

2. Defendants' Motion for Summary Judgment Regarding Claims of Charles Gilmore, (Doc. 90); Defendants' Motion for Summary Judgment on Plaintiff Daimian McDowell's Claims, (Doc. 91); and Defendants' Motion for Summary Judgment on Plaintiff Larry Hingle's Claims, (Doc. 92) are DENIED WITHOUT PREJUDICE.

3. However, as the relevant deadline of January 29, 2016, for dispositive motions has since passed, (Doc. 85), Defendants may refile motions for summary judgment as to these Plaintiffs' claims on or before **August 19, 2016**, at **5:00 P.M.** Such motions must solely address the issues left unresolved by the September and Present Rulings within their body, and may not incorporate by reference any previously filed documents. Plaintiffs will then have until **September 2, 2016**, at **5:00 p.m.** to respond. No replies will be allowed.

4. Defendants' Motion for Separate Trials under Rule 42(b), (Doc. 100), is also DENIED WITHOUT PREJUDICE. Once this Court rules on the potential motions for summary judgment to be filed on or before August 19, 2016, and the remaining claims and Plaintiffs are thereby more definitively identified, a similar such motion may be filed.

    Signed in Baton Rouge, Louisiana, on August 10, 2016.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**